# Court of Appeals
# of the State of Georgia

ATLANTA,___June 15, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A1854.  DEMARCUIS JONES v. THE STATE.**

Demarcuis Jones pled guilty in 2014 to two counts of armed robbery, three counts of aggravated assault, and one count each of possession of a firearm by a convicted felon and possession of a firearm during the commission of a felony.  Jones filed an out-of-time motion seeking to withdraw his guilty plea, but at a hearing, the trial court orally denied his motion on October 14, 2014.  Jones then filed a pro se "Out-of-Time Notice of Appeal" on March 6, 2015.[1]

In his notice of appeal, Jones seeks to appeal from his convictions entered on June 17, 2014.  However, to be timely, a notice of appeal must be filed within 30 days of entry of the order on appeal.  See OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  See *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721, 721 (482 SE2d 704) (1997).  Because Jones filed his notice of appeal well over 30 days after entry of that order, it is untimely.

In addition, Jones also asserts he is seeking to appeal the denial of his out-of-time motion to withdraw his guilty plea.  Jones has not provided this Court with the trial court's order denying that motion, and the trial court has confirmed that there is no order.  The motion was denied orally at the October 14, 2014 hearing.  However, an oral pronouncement does not constitute a final, appealable order such as is required to invoke this Court's appellate jurisdiction.  See OCGA § 5-6-34 (a) (1)

---

[1] Jones initially filed his notice of appeal in the Georgia Supreme Court, which, after finding it lacked jurisdiction, transferred the case to this Court.

(appeals may be taken to this Court from "final judgments"); OCGA § 5-6-31 ("The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of this article.")  Consequently, Jones's application is premature because, given the apparent absence of a trial court order, we have nothing to review.  See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*___06/15/2016___
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*